[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. PROCEDURAL AND FACTUAL BACKGROUND
This matter came to the court by way of an original complaint with a return date of June 6, 1995. The court allowed the plaintiff to file its amended complaint on November 20, 1996, which alleged two causes of action against the defendant for failure to pay his legal fees to the plaintiff: breach of contract and unjust enrichment. The defendant was also allowed to file his amended answer and special defense on said date in which he alleges that some or all of the claims made by the plaintiff have expired due to the statute of limitations.
Plaintiff's amended complaint claims that from January 12, 1994, through October 14, 1995, the plaintiff provided legal services to the defendant for which the defendant has not paid. The plaintiff alleges that the parties had an agreement whereby the plaintiff would charge the defendant reasonable fees for those services, including disbursements and expenses. Plaintiff claims the total amount due is $8,605.37 which consists of work on five different matters for the defendant.
The case was tried to the court on November 20, 1996. Both parties were present and had an opportunity to present their respective cases to the court and be fully heard. Plaintiff was represented by counsel and the defendant appeared pro se.
At trial the defendant argued that the majority of the bills presented by the plaintiff were not for the time period set out in its complaint. The defendant further argued that two of the bills were not in the defendant's name but in a corporate name. The defendant finally argued that even assuming arguendo that CT Page 9085 these other problems did not exist, the plaintiff had a statute of limitations problem. The original complaint was dated May 8, 1995. Since all that existed between the parties was an oral contract, the three year statute of limitations would apply. Consequently, defendant argued that if the court considered any of plaintiff's claims, it could only consider claims for unpaid bills the three years prior to the date of the complaint.
During trial the plaintiff called as witnesses Marjorie Cournien, the plaintiff's bookkeeper, and the defendant, Brian McKeever. The defendant McKeever also testified in his own behalf.
II. DISCUSSION
After hearing all of the testimony and reviewing all of the evidence submitted at trial, this court makes the following findings of fact:
1. The plaintiff was a professional corporation doing business as a law practice in West Hartford, Connecticut.
2. The defendant is an individual who is the only named defendant in this case.
3. The defendant had a longstanding business relationship with Attorney Weinstein, a partner in the plaintiff's corporation, which commenced in the early 1980's.
4. The defendant and Attorney Weinstein had verbally agreed that Attorney Weinstein would provide legal services to the defendant, and in exchange, the defendant would be charged reasonable fees for those services, including costs and disbursements.
5. Two of the five bills entered into evidence by the plaintiff are bills in the name of BMK Corp. d/b/a The MAK Company (Exhibit, Plaintiff's 2 and 5)
6. Three of the five bills entered into evidence by the plaintiff are bills in the name of the named defendant, Brian McKeever. (Exhibit, Plaintiff's 1, 3 and 4)
7. Of the three bills which bear the defendant's name, CT Page 9086 only one of them shows any time spent for legal services during the time period of January 12, 1994 through October 14, 1995, and that amount is for $55.50. (Exhibit, Plaintiff's 1)
8. One of the three bills which bears the defendant's name is coded as a "contingency fee" file for which only costs should have been billed and had already been billed and collected. (Exhibit, Plaintiff's 4)
It is a basic tenet of our law that a plaintiff is restricted in his right to recover and can not recover for something that is not alleged. See Kelley v. Bonney, 221 Conn. 549 (1992); Todd v.Glines, 217 Conn. 1 (1991). In this case, the plaintiff is limited to its allegations in its most recent second amended complaint, dated November 20, 1996, which was filed on the date of trial. That complaint alleges in Paragraph 1: "The Plaintiff, Lublin Weinstein, P.C., attorneys at law, at the request of the Defendant Brian McKeever, rendered legal services and provided legal representation to the Defendant, from January 12, 1994 through October 14, 1995."
Accordingly, the plaintiff could only recover for legal services provided in the alleged time period as to the only named defendant, Brian McKeever. The plaintiff is clearly precluded from recovering monetary damages for bills which fall outside of the alleged time period. Similarly, the plaintiff is precluded from recovering against a corporate defendant which has not been named or served.
Of the bills placed in evidence by the plaintiff, only one which is in the name of Brian McKeever, Plaintiff's Exhibit 1, shows any services rendered for the time period alleged of January 12, 1994 through October 14, 1995. There is a charge on January 12, 1994, for a letter written to the client regarding "Receiver and dismissal". The bill shows a charge for .30 hours computed to $55.50. All of the other bills claimed by the plaintiff to be outstanding and owed by the defendant do not fall within the alleged time period.
Since this court reaches its decision based on what the plaintiff has pled, there is no need to address other issues presented by the defendant[1], including the statute of limitations claim. There is no question that under the statute of limitations for oral contracts, found at Connecticut General Statutes, § 52-581, which is a three year limitation, the CT Page 9087 bill for January 12, 1994, would be applicable: the writ was dated May 8, 1995, and the defendant was served on May 10, 1995; the January 1994 bill being collected is well within the three statute of limitations.
III. CONCLUSION
This court finds that the parties did have an ongoing business relationship which obligated the defendant to pay a reasonable charge for legal services provided by the plaintiff. Any charges which plaintiff did not pay which exist for bills during the alleged time period (January 12, 1994 through October 14, 1995) constitute a breach of contract by the defendant and the defendant would be unjustly enriched if not forced to pay for such services.
Accordingly, a judgment shall enter in favor of the plaintiff against the defendant in the amount of $55.50. Each party is responsible for its own costs and/or attorney's fees.
SUSAN B. HANDY JUDGE, SUPERIOR COURT